NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEOPRIC K. BLOODSAW, | ) | No. C 07-3393 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITHOUT PREJUDICE |
| vs. | ) ) | |
| J.S. WOODFORD, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants, Pelican Bay State Prison officials and the Del Norte County Deputy District Attorney, violated his constitutional rights in the course of his pending prosecution on state criminal charges in Del Norte Superior Court. Plaintiff seeks money damages and injunctive relief. The Court will DISMISS the complaint without prejudice.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

Order of Dismissal Without Prejudice
P:\pro-se\sj.jf\cr.07\Blooodsaw393dis        1

1  seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),
2  (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
3  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
4      In order to recover damages for harm caused by actions whose unlawfulness would
5  render a conviction or sentence invalid, a plaintiff alleging a violation of § 1983 must prove that
6  the conviction or sentence has been reversed on direct appeal, expunged by executive order,
7  declared invalid by a state tribunal authorized to make such determination, or called into
8  question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512
9  U.S. 477, 486-487 (1994). A claim for damages based upon a conviction or sentence that has not
10 been so invalidated is not cognizable under § 1983. See id. at 487. Heck also bars claims, such
11 as those raised here, which necessarily implicate the validity of pending criminal charges. See
12 Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000). A civil claim which necessarily
13 implicates the validity of pending criminal charges does not accrue until after one has succeeded
14 in the criminal realm. See id. (citing Heck). Plaintiff claims that defendants are violating his
15 federal constitutional rights in their prosecution of him; if proved true, these claims would call
16 into question the validity of his pending charges in state court. Accordingly, this action is barred
17 until Plaintiff's state court charges have been reversed, expunged, set aside or otherwise called
18 into question.
19     Moreover, under principles of comity and federalism, a federal court should not interfere
20 with ongoing state criminal proceedings by granting injunctive or declaratory relief absent
21 extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger
22 abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state
23 proceedings involve important state interests; and (3) the state proceedings afford adequate
24 opportunity to raise the constitutional issue. See Middlesex County Ethics Comm. v. Garden
25 State Bar Ass'n, 457 U.S. 423, 432 (1982). The state proceedings must be pending, not merely
26 available, and plaintiffs must be seeking relief that would interfere in some manner with the state
27 court litigation. See Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001). The
28 rationale of Younger applies throughout appellate proceedings, requiring that state appellate

1  review of a state court judgment be exhausted before federal court intervention is permitted, see
2  Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975).  Because Plaintiff seeks injunctive relief
3  in his ongoing state criminal prosecution, abstention is appropriate under Younger.  Accordingly,
4  Plaintiff's request for injunctive relief is denied.

## CONCLUSION

6  For the foregoing reasons, this action is hereby DISMISSED without prejudice until
7  Plaintiff's pending state court criminal proceedings are final and if convicted, his conviction or
8  judgment is reversed, expunged, set aside or otherwise called into question.  The Clerk shall
9  terminate all pending motions and close the file.

10  IT IS SO ORDERED.

11  DATED: 12/10/07

JEREMY FOGEL
United States District Judge

Order of Dismissal Without Prejudice
P:\pro-se\sj.jf\cr.07\Blooodsaw393dis        3

1
2  A copy of this ruling was mailed to the following:
3
4  Theopric K. Blood saw
   P-20045/ A2-202
   Pelican Bay State Prison
5  P.O. Box 7500
   Crescent City, CA  95531
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Dismissal Without Prejudice
P:\pro-se\sj.jf\cr.07\Blooodsaw393dis          4